UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,       :

    -against-                                     :

DWAYNE PALMER,                 :

            Defendant,                 :
-------------------------------------------------------------x

SENTENCING MEMORANDUM

S2 05 Cr. 538 (JSR)

This memorandum is respectfully submitted in advance of the sentencing of Dwayne Palmer which is scheduled for September 22, 2008. Mr. Palmer has previously moved for a judgment of acquittal on counts One, Two and Three. This memorandum proceeds on the assumption that Mr. Palmer will only be sentenced for his conviction on count Six of the indictment.

Count Six of the indictment charges Dwayne Palmer with being an illegal alien in possession of a weapon in the Southern District of New York in violation of 18 USC § 922(g)(5)(A). The evidence at trial concerning this count included ballistic evidence that a .40 caliber Glock had been fired in the Bronx but there was no evidence that directly connected that weapon to Mr. Palmer. A .40 caliber Glock was recovered from the New Jersey hotel room where Mr. Palmer was later arrested.

Although the Sentencing Guidelines are no longer mandatory after *United States v. Booker*, 543 U.S. 220 (2005), a sentencing court is required to calculate the correct Guideline range. *See, United States v Crosby*, 397 F.3d 103, 111-112 (2d Cir. 2005). The offense of being an illegal alien in possession of a weapon requires application of Guideline Section 2K2.1. The Base offense level for a defendant who committed any part of the instant offense

subsequent to sustaining a conviction of either a crime of violence of a controlled substance offense is Level 20.[1]

We respectfully submit that Mr. Palmer would have waived any objections to venue and voluntarily entered a guilty plea if he had ever been accorded a meaningful opportunity to enter such a plea. Counsel repeatedly advised the government of Mr. Palmer's willingness to enter a guilty plea to the offense charged in Count Six of the current superseding indictment. The government insisted on seeking the superseding indictment that charged Mr. Palmer with the offenses alleged in counts One, Two and Three thus making it impossible for Mr. Palmer to accept responsibility in a timely fashion. When Mr. Palmer was interviewed by the Department of Probation he made no statement as to the offense alleged in Count Six. He did, however, inform the interviewing Probation Officer, Thomas

---

[1] The application Note to 2K2.1 states that the term "controlled substance offense" is defined in Guideline section 4B1.1 which states that a "controlled substance offense" "means an offense under state or federal law, punishable by imprisonment for a term exceeding one year that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with the intent to manufacture, import, export, distribute, or dispense." Mr. Palmer was arrested and convicted in Georgia in 2003 for the felony of criminal possession of marijuana with the intent to distribute. This conviction qualifies as a prior "controlled substance offense." Mr. Palmer was convicted in New York State in 2002 of criminal possession of marijuana in the 3rd degree. Section 221.20 of the New York State Penal Law defines the offense of criminal possession of marijuana in the 3rd degree as follows: "A person is guilty of criminal possession of marijuana in the 3rd degree when he knowingly and unlawfully possesses one or more preparations, compounds, mixtures or substances of an aggregate weight of more than eight ounces." The crime that Mr. Palmer was convicted of in New York State does not have the essential element of possession with the intent to manufacture, import, export, distribute, or dispense a controlled substance, it fails to satisfy the definition of a controlled substance offense under Guideline section 4B1.1.

McCarthy, that in the event the Court grants his motion for a judgment of acquittal, that he would wish to make a statement accepting responsibility for the conduct alleged in Count Six. Mr. McCarthy suggested that in the event the Court grants the motion for a judgment of acquittal that a re-interview of Mr. Palmer would be appropriate.

Acceptance of responsibility is covered in section 3E1.1 of the Guidelines. Application Note 2 of that section states in part that "Conviction by trial, however does not automatically preclude a defendant from consideration of this reduction." We respectfully submit that this is one of those rare instances where it is appropriate for the Court to grant this reduction to an individual who went to trial. Mr. Palmer went to trial because he believed, and we respectfully submit that the record confirms, that there was constitutionally insufficient evidence for him to have been convicted of the more serious charges alleged in Counts One, Two and Three which included a death eligible offense. Accordingly, Mr. Palmer's guideline range should be reduced 2 levels to level 18.

The Department of Probation found Mr. Palmer's criminal history category [CHC] to be level IV. We accept the criminal history calculation in the presentence report.

Sentencing ranges:

 Level 18 at CHC IV sentencing range 41 to 51 months

 Level 20 at CHC IV sentencing range 51 to 63 months

Mr. Palmer has been incarcerated since April 17, 2005, a period of 41 months. With good time credit, Mr. Palmer has served a sentence of approximately 46 months. As the

3

Supreme Court said in *Gall v. United States*, 128 S. Ct. 586, 596 (2007) the Guidelines are the starting point but they are not the only consideration. In determining an appropriate sentence, the Supreme Court instructs that the sentencing Court must consider all the factors in 18 U.S.C. 3553(a) and may not presume that the Guideline range is reasonable.

In relevant part, 18 U.S.C. 3553(a) requires the Court to consider the following factors;

1. The nature and seriousness of the offense and the history and character of the defendant;

2. The need for a sentence to:
    (A) reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant;

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

3. The third factor pertains to "the kinds of sentences available;

4. The Sentencing Guidelines;

5. Any relevant policy statement issued by the Sentencing Commission;

6. The need to avoid unwarranted sentence disparities

7. The need to provide restitution to any victim.

In applying these factors, the statute requires sentencing Court to "impose a sentence sufficient, but not greater than necessary to comply with these factors. It is respectfully submitted that a Guideline sentence of 46 months sufficient, but not greater than necessary

4

to achieve the goals of sentencing.

Dated: New York, New York
September 16, 2008

Respectfully Submitted,

/s/ Andrew G. Patel/David A. Ruhnke
Andrew G. Patel
David A. Ruhnke
Attorneys for Dwayne Palmer

Andrew G. Patel
111 Broadway, 13th Floor
New York, New York 10006
(212) 349-0230

David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, N.J. 07042
973-744-1000

Served via ECF:

Michael Garcia
United States Attorney
One Saint Andrew's Plaza
New York, New York 10007

Jessica Masella, A.U.S.A.
Michael English, A.U.S.A. of counsel

Clerk of the Court
United States District Court
United States Courthouse
500 Pearl Street
New York, New York  10007