UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DWAYNE PALMER

    Pro-se Movant

V.

UNITED STATES OF AMERICA,
    Respondent

Case No. 1:05-CR-053-JSR

MOTION TO DISMISS INDICTMENT
(Fed. R. Crim. P. 12(b)(2)

MOTION TO DISMISS THE INDICTMENT BECAUSE THE COURT LACKS JURISDICTION 12(b)(2)

Pursuant to Fed. R. Crim. P. 12(b)(2) the Defendant files this pro-se Motion to Dismiss (count Two) of the indictment on the ground that the court lacks Jurisdiction. Rule 12(b)(2) of the Fed. R. Crim. P. allows the District Court to consider the issues. Rule 12(b)(2) provides that "at any time while the case is pending, the District Court may hear a claim that the Court lacks jurisdition

### STATEMENT OF FACTS

A. THE OFFENSES:

On November 15, 2006, the Defendant (Dwayne Pamler) was named in a superseding indictment retured by a Grand Jury in the Southern District of New York. The Indictment alleged the following offenses regarding Mr. Palmer: (count one ) Conspiracy to Distribute and possess with intent to distribute 100 killogram and more of mixture and substances containing a detectable amount of marijuana

1

846.

(count two) Using a firearm to commit a murder in furtherance of the conspiracy, in violation of 18 U.S.C.S. 924(J)(1) and 2. (count three) Knowing Possession of a firearm in furtherance of the conspiracy, in violation of 18 U.S.C.S. 924(c)(1)(A). And (count six) Possession of a firearm by one illegally in the United States, in violation 18 U.S.C.S. 922(g)(5). Trial commenced before the Honorable Judge S. Rakoff, U.S.D.J. and a jury on June, 23, 2008 found the Defendant guilty on all counts. A sentence was imposed by Judge Rakoff on september 22, 2008. The Defenndant was sentenced 420 months on count two. First, the defendant moves this court to Dismiss (count Two) of the indictment on the ground that the court lack jurisdiction.

B. FIRST ARGUMENT

Count two of the indicment gives the official citation of U.S.C.S. 924(J)(1) Statute. But (count two) of the Defendant's indictment does not track the language of the 18 U.S.C.S 924(J)(1) Statue.

> Section 924 (J)(1) applies to "[A] person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall (1) if the killing is a murder (as defined in section 1111) be punished by death or imprisonment for any term of years or for life, and (2) if the killing is manslaughter (as defined in section 1112), be punished as provided in that section.

Now 18 U.S.C.S. 924(J)(1), makes it an "offense' to kill a person in the course of a crime prohibited by 18 U.S.C.S 924 (c), drug crimes, and or crimes of violence. The 924(J)(1) Statute incorporated by reference a violation of "924 (c)", which is

2

a crime prohibited by 18 U.S.C.S 924 (c), drug crimes, and or crimes of violence. The 924(J)(1) Statute incorporated by reference a violation of "924 (c)", which is a sentence enhancement provision that applies to crimes involving the "use" of a firearm "during and in relation to any crime of violence or drug trafficking crime".

Count two of the indictment gives the official citation of the 18 U.S.C.S 924(J)(1) Statute. But fails to charge the "offense" which is " causing a death of a person while using a firearm" to commit a Drug Trafficking crime, or crime of violence, in violation of Section, 18 U.S.C.S. 924(c)(1)(A). Count two of the indictment is also insufficient, because it does not contain the elements of the 924(J)(1) offense which is (1) Drug Trafficking crime, or crime of violence, (2) the use of firearm "during" and "in relation to" the Drug trafficking crime, or crime of violence, and (3) Using the firearm to cause the death of the victim during and in relation to the commission of the crime.

C. SECOND ARGUMENT

It is understood that the District Court has "subject matter Jurisdiction" over violation of federal and criminal statues. See: 18 U.S.C.S 3231 ( The District Courts of the United States shall have original jurisdiction, exclusive of the court of the states, of all offenses against the laws of the United States). However, The Defendant argues that (count two) of the indictment fails to invoke the court's jurisdiction because it gives the official citation of 18 U.S.C.S. 924 (J)(1), but the allegation does not describe a violation of 924 (J)(1). Because Section 18 U.S.C.S 924(J)(1) provides that "a person who causes the murder of another through the use of a firearm in the course committing a violation of 18

U.S.C.S 924(c)(1)(A). Not "use of a firearm to commit murder in furtherance of the conspiracy." This allegation of (Count two) of the indictment is not an offense, and does not describe a violation of 924 (J). And because of this Defendant is not charged with an offense against the laws of the United States, and this court therefore has not been given " Subject matter-juridiction", or "personal jurisdiction" over the Defendant.

D. FACTS

November 15, 2006, Grand Jury sittin in the Southern District of New York returened a superseding indictment. And The Grand Jury further charges (count two) as. See: EXHIBIT A (INDICTMENT) attached.

E. GOVERING LEGAL PRINCIPLES

A motion to Dismiss Indictment must satisfy a high standard. See: United States v. Kerik, 615 F. Supp. 256, 262 (S.D.N.Y 2009), United States v. Saric, 95 cr 661, 2011 U.S. Dist. LEXIS 311, 2011 WL 310 79 at * 10 (S.D.N.Y January 4, 2011). In order for the indictment to be sufficient, it must give the Defendant notice of the charges against him Fed. R. Crim. P. 7 (c), sts forth the minimal " notice" pleading standard required in Federal criminal cases. Under this rule, an indictment must (1) "contain a plain, concise and definite written statement of the essential facts constituting the offense charged" and (2)" give the official or customary citation of the statute.. That the Defendant is alleged to have violated "Fed. R. Crim. P. 7(c).

The Second Circuit has held that an indictment is sufficient if it, "first",

acquittal or conviction in bar of furture prosecution for the same offense. See: United States v. Alfonso, 143 F. 3d 772, 776-77, (2nd Cir. 1998) (citing: Hamling v. United States, 418 U.S. 87, 117, 94 S. CT. 2887, 41 L. Ed, 2nd 590 (1974).

An indictment "need to do little more than to track the language of the statute charged and state the time, and place of the alleged crime". See: United States v. Stavroulakis, 952 F. 2nd 686, 693, (2nd cir. 1992). In this case (count two) of the indictment does not provide the Defendant with sufficient notice of the charges against him, or the elements of the offense.

F. Relief

The Grand Jury clause of the United States Constiution provides that "no person shall be held to answer for a capital, or a otherwise infamous crime, unless on a presentment or indictment of Grand Jury". U.S. Constitution Amendment V. Now to comport with the Fifh Sixth Amendments, (count two) of the criminal indictment had to contain all of the elements of the offense (18 U.S.C.S 924 (J)(1), so as to fairly inform the Defendant of the charges against him. The requirement that an indictment contains all of the elements of the offense provides a Defendant with notice. See: Constitution Amendment V. (" The accused shall enjoy the right... To be informed of the nature and cause of accusation"). Now because (count two) of the indictment fails to allege each material elements of the offense, it fails to charge that offense. See: Cabera-teran, 168 f. 3rd at 143.

A failure of the indictment to charge an offense may be treated as jurisdiction. See: United States v. Foley, 73 F.3rd 484, 488 (2nd Cir. 1996). It has long been a settled rule of law in the United States court's that the Declaration of Article 5 of the Amendments to constitution that " No person shall be held to answer for a

5

capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury", is jurisdictional and no court of the United States has authority to try a prisoner without indictment or presentment in such cases. (Quoting U.S. Constitution Amendment). This is because Federal courts are courts of limited jurisdiction, whose constituional or congressional limitations must be neither disregard nor evaded. See: <u>Owen Equip & Erection Co. V. Kroger</u>, 437 U.S. 365, 375,57, 1. Ed. 2nd 274, 98 S.Ct. 2396 (1978. Now the Constitutional power is merely the first hurdle that must be over come in determine that a Federal Court has Jurisdiction over particular controversy. The Jurisdiction of the federal courts is limited not only by provisions of the U.S. Constitution Articles III, but also acts of congress. Simply Stated, without Article III subject matter jurisdiction, a court cannot proceed at all on a cause. Jurisdiction is power to declare the law, and and when it ceases to exist, the only function remaining to the court is that announcing this fact and dismissing the cause. See: Ex Parte McCardle, 74 U.S. 506, 514. 19 L. Ed. 264, 73 S.Ct 318 (1868), Steel Co. V. Citizens for a better Environment, 523 U.S. 83, 94 (1998).

Consequently, because (Count Two) of the indictment which alleges " use of a firearm to commit murder in furtherance of conspiracy" is not an offense against the lawas of the United States, Jurisdiction ceases to exist, and the only function remaing to this court is that of announcing this fact and dismissing (count two) of the indictment. Count Two of the indictment also does not meet the standard set forth in Rule 7(c) of the Federal Rules of Criminal Procedure, because it does not contain a plain, concise and definite charged. Therefore, the Defendant's "Motion to Dismiss the Indictment because it fails to invoke the court's Jurisdiction " Should be <u>GRANTED</u> (count two) of the defendant's indictment DIMISSED WITH PREJUDICE.

6

Defendant's "Motion to Dismiss the Indictment because it fails to invoke the court's Jurisdiction" Should be <u>GRANTED</u> (count two) of the defendant's indictment DIMISSED WITH PREJUDICE.

/S/ *Dwayne Palmer*
Dwayne Palmer
SWORN: 28 U.S.C.S §1746

CERTIFICATE OF SERVICE

I HEREBY, certify that a copy of this motion was mailed on this 5 day of April 2016.

(1)
United States Attorney's Office For The Southern District
Preet Bharara
1 St. Andrew's Plaza
New York, NY 10007

(2)
Clerk's Office
500 Pearl Street
New York N.Y. 10007

(3)
Attorney General
Ms. Loretta E. Lynch
950 Pennsylvania Ave NW
Suite 2616
Washington, DC 20530

(4)
General Consulate of Janaica
767 #2 3rd Ave
New, N.Y. 10007

(5)
Stephen Vasciannie Embassy of Jamaica
1520 New Hampshire Avenue NW
Washington, DC 20036

/s/ D. Palmer
Dwayne Palmer
Register No. 57698-054
F.C.I. Berlin
P.O. Box 9000
Berlin, NH 03570

EXHIBIT A

e. On or about April 16, 2005, BROWN, PETERKIN, GOLDING and PALMER shot and killed Keino Simpson in the vicinity of Gates Place and West Gun Hill Road, Bronx, New York, in retaliation for a suspected theft of marijuana and marijuana proceeds from PETERKIN.

(Title 21, United States Code, Section 846.)

COUNT TWO

The Grand Jury further charges:

4. On or about April 16, 2005, in the Southern District of New York, DAMIAN BROWN, a/k/a "Bossy," SHAWN PETERKIN, a/k/a "Shawn James," FRANZ GOLDING, a/k/a "Frank," and DWAYNE PALMER, a/k/a "Leon," a/k/a "Kay-pas," the defendants, unlawfully, willfully, and knowingly, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the offense charged in Count One of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, BROWN, PETERKIN, GOLDING and PALMER acted together to shoot and kill Keino Simpson in the vicinity of Gates Place and West Gun Hill Road, Bronx, New York, in retaliation for a suspected theft of marijuana and

3

Page 2030

[1] the purpose of furthering the conspiracy or aided and abetted a
[2] co-conspirator to do so, you should convict that defendant of
[3] this charge; otherwise, you must acquit him of that charge.
[4] Count Two charges that each of the defendants, while
[5] engaged in the aforementioned narcotics conspiracy and while
[6] possessing a firearm in furtherance of the conspiracy, used or
[7] aided and abetted a co-conspirator to use a firearm to commit
[8] the murder of Keino Simpson in furtherance of the conspiracy.
[9] To satisfy its burden of proof of this charge, the
[10] government must first establish beyond a reasonable doubt that
[11] the defendant you are considering is guilty of both of the
[12] preceding charges we have discussed. In other words, you only
[13] consider this charge as to a defendant you have already found
[14] is not only guilty of the conspiracy charge, but also is
[15] guilty, either directly or as an aider and abettor, or
[16] knowingly possessing a firearm in furtherance of the
[17] conspiracy. Such a defendant is also guilty of the murder
[18] charge if the government proves beyond a reasonable doubt two
[19] additional elements:
[20] First, that that defendant either used a firearm to
[21] intentionally murder Keino Simpson, in the Southern District of
[22] New York, on or about April 16th, 2005, or that the defendant
[23] intentionally acted in concert with others to murder Keino
[24] Simpson, or that the defendant intentionally aided and abetted
[25] someone else to do so.

Page 2031

[1] Second, that the defendant so acted for the purpose of
[2] furthering the narcotics conspiracy of which he was a part.
[3] As to the first element, a defendant uses a firearm to
[4] murder a victim if the defendant purposely and deliberately
[5] takes actions that are intended to, and do, result in the death
[6] of the victim by use of a firearm. However, the murder need
[7] not be planned or premeditated as long as the intent to murder
[8] is present when the murder actually occurs. Moreover, a
[9] defendant is also responsible for this crime if the defendant
[10] purposely persuades or otherwise intentionally causes someone
[11] else to use a firearm to commit the murder, or intentionally
[12] acts in concert with others to commit the murder by using a
[13] firearm, or intentionally aids and abets someone else in the
[14] use of a firearm to commit the murder by taking steps intended
[15] to help the success of the other person's use of the firearm to
[16] commit murder.
[17] Please note, however, the law does not recognize or
[18] permit guilt by association and that therefore the mere
[19] presence where a murder by use of a firearm is being committed
[20] even when coupled with knowledge that the murder is being
[21] committed is not sufficient to make the defendant guilty of
[22] this crime. Such a defendant is guilty only if, in addition to
[23] knowing of the use of a firearm by another person to commit
[24] murder, the defendant, prior to or at the time of the murder,
[25] intentionally took action, alone or in concert with others, to

Page 2032

[1] help make this crime succeed.
[2] As to the second element, even if you find that the
[3] government has proved beyond a reasonable doubt that a
[4] defendant who is guilty of the conspiracy and firearms charges
[5] previously described intentionally used a firearm to murder, or
[6] intentionally acted in concert with others to murder by use of
[7] a firearm, or intentionally aided and abetted the use of a
[8] firearm to murder, that defendant would still not be guilty of
[9] this crime unless the government also proved beyond a
[10] reasonable doubt that the murder of Keino Simpson was committed
[11] for the purpose of furthering the marijuana conspiracy. In
[12] this regard, the government must prove, as to each defendant,
[13] that furthering the marijuana conspiracy was at least one of
[14] that defendant's purposes or motives in killing Keino Simpson,
[15] or in acting in concert to bring about the killing, or in
[16] aiding and abetting the killing. It is not necessary that the
[17] government prove that furthering the marijuana conspiracy was
[18] the sole motive, or the primary motive of that defendant, but
[19] only that it was a material or important motive of the
[20] particular defendant you are considering. If, instead, the
[21] government has not carried its burden of proving that the
[22] defendant you are considering committed the murder, or acted in
[23] concert with others to commit the murder or aided and abetted
[24] the murder, at least partly in furtherance of the marijuana
[25] conspiracy instead of solely for the purposes unrelated to

Page 2033

[1] furthering the marijuana conspiracy, you must find that
[2] defendant not guilty even if the government has proved all the
[3] other requirements.
[4] The remaining four counts relate to illegal possession
[5] of a firearm or ammunition regardless of whether or not there
[6] was a marijuana conspiracy. Specifically, Count Four charges
[7] Defendant Brown with being an illegal alien in possession of
[8] ammunition; Count 5 charges Defendant Golding with being an
[9] illegal alien in possession of a firearm; Count Six charges
[10] Defendant Palmer with being an illegal alien in possession of a
[11] firearm; and Count Seven charges Defendant Peterkin with being
[12] a felon in possession of a firearm.
[13] In order to prove a defendant guilty of being (in the
[14] case of Brown, Golding and Palmer) an illegal alien in
[15] possession of firearm and ammunition, or (in the case of
[16] Peterkin) of being a felon in possession of a firearm, the
[17] government must prove, as to the defendant you are considering,
[18] each of the following three elements beyond a reasonable doubt:
[19] First, that on or about April 16, 2005, the defendant
[20] you are considering knowingly possessed ammunition, in the case
[21] of Brown, or a firearm in the case of the other three
[22] defendants;
[23] Second, that that ammunition or firearm had been
[24] shipped or transported in interstate commerce; and
[25] Third, that at the time he possessed the ammunition or